U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 2 3 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| RITA AND REGGIE BALL, JR. | : | DOCKET NO. 2:07 CV 1930 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| VOYAGER INDEMNITY INSURANCE CO. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss, [doc. 36], filed by the defendant, Voyager Indemnity Insurance Company (hereinafter "Voyager"). Voyager filed this "Rule 12(b)(6) Motion to Dismiss" the plaintiffs' claims for mental anguish damages on January 21, 2009, four days before it is scheduled for jury trial. The plaintiffs, Rita and Reggie Ball, Jr. (hereinafter "the plaintiffs") filed a Motion to Strike Defendant's Motion to Dismiss the following day [doc. 38].

This case has been in federal court since November 16, 2007. This Court finds it highly inappropriate that Voyager filed a Rule 12(b)(6) motion to dismiss on the eve of trial and in violation of this Court's standing order governing pretrial procedure, which states that "[a]ll dispositive motions must be filed no later than 90 days prior to the trial date." Further, a Rule 12(b)(6) motion is not the correct procedural posture under which to file this motion. In its brief, Voyager argues that "absent any evidence that [the insurer] intended to aggrieve the feelings of [the plaintiff], damages for nonpecuniary loss are not recoverable." Voyager thus argues under the summary judgment standard of Fed. R. Civ. P. 56(c) without attaching any summary judgment evidence.

Regardless of the questionable timing and improper procedural posture, which alone would

1

be grounds for granting the plaintiffs' Motion to Strike, this Court notes that Voyager urges this Court to adopt a principle of law that is contrary to the Fifth Circuit's recent proclamation on this very issue. *Dickerson v. Lexington Ins. Co.*, ___F.3d___, 2008 WL 5295389 (5th Cir. 12/22/2008).[1] In *Dickerson*, the Fifth Circuit concluded that Article 1998 is "as a matter of law, inapplicable to § 22:1220 and does not bar the award of mental anguish damages under this statute." *Id.* Furthermore, "[d]amages for mental anguish may be awarded under § 22:1220 for breaches of the duty of good faith."

For the reasons stated herein,

IT IS ORDERED that the Motion to Strike Defendant's Motion to Dismiss [doc. 38] is hereby GRANTED;

IT IS FURTHER ORDERED that the Motion to Dismiss [doc. 36] is hereby STRICKEN.

Lake Charles, Louisiana, this 23 day of Jan., 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] Voyager does not cite *Dickerson* in its brief.